UNITED STATES DISTRICT COURT
for the
Eastern District of Texas
Sherman Division

| | |
|---|---|
| ESTATE OF MELVIN NOBLE, JR., )<br>*Plaintiff* )<br>v. )<br>RAY GENE BOLLIN, JR. and Purlie Gates )<br>*Defendants* ) | Civil Case No.4:23-cv-00716 |

**THE DEFENSES AND THE ANSWERS OF
DEFENDANTS' TO THE COMPLAINT OF ESTATE
OF MELVIN NOBLE, JR.**

Defendants, Ray Gene Bollin, Jr., and Purlie Gates, by and through its undersigned attorney, appear in this action for its Answer to the Complaint of Estate of Melvin Noble, Jr. (Estate) herein ("Complaint") sets forth and states as follows:

**FIRST DEFENSE**
Estate's complaint fails to state a claim upon which the Court may grant Estate of Melvin Noble, Jr. relief. Plaintiff failed to set forth the necessary elements of any cause of action against Defendants.

**SECOND DEFENSE**
Someone other than Melvin Noble, Jr. independently created the material that the Estate alleges as "infringed." Defendant Bollin did not copy the material that Estate alleges that it copyrighted.

**THIRD DEFENSE**
Estate's claims are barred, in whole or in part, because Defendant Bollin's copyrights are valid because Defendant Bollin is the producer of said alleged infringed copyright material.

**FOURTH DEFENSE**
Estate's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages.

**FIFTH DEFENSE**
Estate's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH DEFENSE**
Estate's claims are barred in whole or in part, by the doctrine of fair use.

**SEVENTH DEFENSE**
The relief requested by Plaintiff against Defendants is unavailable as a matter of law, unjust in nature and both prejudicial and detrimental to Defendants' rights as a matter of law.

**EIGHTH DEFENSE**

This action is being maintained in a wrongful effort to extort or extract monies from Defendants. By reason of the foregoing, the instant action must be dismissed.

**NINTH DEFENSE**

Estate's claims are barred by equitable estoppel, laches, acquiescence, and/or waiver.

**TENTH DEFENSE**

That upon information and belief, this Court lacks personal jurisdiction over the Defendant due to the improper service of the Summons and Complaint. That upon information and belief, the process server failed to serve the Defendants pursuant to the rules and regulations set forth in the Texas Civil Procedures Law and Rules.

**ELEVENTH DEFENSE**

Estate's claims are barred, in whole or in part, because, no element of its allegedly copyrighted material has acquired secondary meaning and because there is no identification in the public's mind with Estate's allegedly copyrighted material.

**TWELFTH DEFENSE**

Estate's claims are barred, in whole or in part, by the First Amendment.

**THIRTEENTH DEFENSE**

Estate's claims are barred, in whole or in part, because, as an equitable owner of the subject copyrights, the law prohibits suit against Defendants because as a practical matter, a copyright holder cannot be an infringer.

**FOURTHTEENTH DEFENSE**

Estate's claims are barred in whole or part, because, the Estate holds a non-exclusion license, and therefore, is not entitled to complain about any alleged infringement of the copyright.

**FIFTEENTH DEFENSE**

Estate's claims are barred, in whole or in part, because as a proper co-holder of copyrights in the subject songs, Defendant Bollin has an impenetrable ownership interest in all rights in the pieces under the U.S. Copyright Act, including the right to exploit them.

**SIXTEENTH DEFENSE**

Estate's claims are barred, in whole or in part, because this lawsuit, which does not identify the Administrator of the Estate, the individual charged with representation of the Estate, is therefore lacking a necessary party and must be dismissed as Estate's capacity to proceed without an Administrator is incomplete.

**SEVENTEENTH DEFENSE**

Estate's claims are barred, in whole or in part, because the Estate has violated the Texas Deceptive Trade

Practices Act (DTPA).

## EIGHTEENTH DEFENSE

As filed, the Defendants do not concede to Estate's exhibits until Verified.

## NINETEENTH DEFENSE

Defendants denies each and every allegation in Estate's complaint that seeks to impose upon Defendants any liability. Without waiving any of its defenses, Defendants answers the Estate's complaint as follows.

1.

Defendants do not have to respond to the allegation in paragraph 1. of Estate's complaint. Out of abundance of caution, however, Defendants deny the allegation in paragraph 1. of Estate's complaint.

2.

The allegation in paragraph 2. of Estate's complaint are admitted in part and denied in part. To the extent that Defendant Bollin resides in Dallas County are admitted. The allegations are denied to the extent that he was served 5954 Broadway Boulevard, Apt. 130, Garland, TX 7504, 9817 Walnut Street, Apt. 102, Dallas, TX 75243.

3.

Defendants deny the allegations in paragraph 3. of Estate's complaint because Defendant Gates resides in Dallas County.

4.

The allegations in paragraph 4. of Estate's complaint are legal conclusions for which no response from Defendants if required. However, to the extent that an answer is required, they are denied.

5.

The allegations in paragraph 5. of Estate's complaint are legal conclusions for which no response form Defendants is required. However, if a response is required, they are denied as written to the extent that said allegations suggest valid claims.

6.

The allegations in paragraph 6. of Estate's complaint are legal conclusions for which no response from Defendants is required. However, if a response is required, they are denied to as written to the extent that said allegation suggest valid claims.

7.

Defendants admit the allegations in paragraph 7. of Estate's complaint.

8.

Defendnts admit the allegations in paragraph 8. of Estate's complaint.

9.

Defendants admit the allegations in paragraph 9. of Estate's complaint.

10.

Defendants admit the allegations in paragraph 10. of Estate's complaint.

11.

The allegation in paragraph 11. of Estate's complaint are admitted in part and denied in part. To the extent that MO3's brand has become recognized and valuable they are admitted. The allegations are denied to the extent that they exclude Defendant Bollin's invaluable artistry and collaboration as producer to the songs created which form the basis of such success.

12.

Defendants deny the allegation in paragraph 12. of Estate's complaint for lack of sufficient information to justify a belief therein.

13.

Defendants admit the allegation in paragraph 13. of Estate's complaint.

14.

The allegations in paragraph 14. of Estate's complaint are denied in part and admitted in part. It is admitted to the extent that Defendant Bollin, is known as "Drop." The allegation is denied to the extent that Defendant Bollin is significantly more than an audio tech. He has served as studio engineer on several projects. The allegation is also denied to the extent that it implies that Defendant Bollin served only in that capacity with respect to the songs that are the subject of this complaint. Defendant Bollin was also the producer of the songs outlined above which garnered the success of which Plaintiffs speak. Defendant Bollin's creative artistry along with the collaboration of MO3 in the creation of the subject songs were the reason for such success.

15.

Defendants categorically deny the allegations in paragraph 15. of Estate's complaint.

16.

Defendants deny the allegations in paragraph 16. of Estate's complaint.

17.

Defendants deny the allegations in paragraph 17. of Estate's complaint for lack of sufficient information to justify a belief therein.

18.

Defendants admit the allegation in paragraph 18. of Estate's complaint.

19.

Defendants deny the allegation in paragraph 19. of Estate's complaint for lack of sufficient information to justify a belief therein.

20.

Defendants deny the allegations in paragraph 20. of Estate's complaint.

21.

Defendants deny the allegations in paragraph 21. of Estate's complaint.

22.

Defendants deny the allegations in paragraph 22. of Estate's complaint as written.

23.

Defendants deny the allegations in paragraph 23. of Estate's complaint.

24.

Defendants deny the allegations in paragraph 24. of Estate's complaint as written and for lack of sufficient information to justify a belief therein.

25.

Defendants deny the allegations in paragraph 25. of Estate's complaint for lack of sufficient information to justify a belief therein.

26.

The allegations in paragraph 26. of Estate's complaint is admitted in part to the extent that Defendant Bollin often corresponded with MO3's mother and in particular on Mother's day. It is denied to the extent that the allegation gives no context whatsoever to the circumstances surrounding the communication and therefore does not accurately communicate its meaning.

27.

Defendants deny the allegations in paragraph 27. of Estate's complaint as written.

28.

The numerous allegations in paragraph 28. of Estate's complaint are admitted in part and denied in part. To the extent that the allegations establish Defendant Bollin as producer of the subject songs, they are admitted. The remaining allegations are denied to the extent that they suggest any improper or unjustified conduct by Defendant Bollin.

29.

The numerous allegations in paragraph 29. of Estate's complaint are denied in part and admitted in part. They are admitted to the extent that they suggest that Defendant Bollin's representatives reached out to the Estate concerning the songs that are the subject matter of this lawsuit. They are denied to the extent that they suggest that

Defendant Bollin or his representative proceeded in any manner that was "disingenuous" or otherwise improper.

30.

Defendants deny the allegations in paragraph 30. of Estate's complaint as written and denies outright the mischaracterization of Mbala as "missing."

31.

Defendants deny the allegations in paragraph 31. of Estate's complaint as written and both outright denies and vigorously objects to Plaintiff's repeated intentional improper and unfavorable unproven mischaracterizations of defendants and/or their representatives in terms such as "resurfaces," disappears," "disingenuous," "smelled money," or "shakedown" which also clearly and blatantly violate the cannon on ethics and professionalism for pleading in this District which requires mere statement of a claim and specifically prohibits casting any party in highly inflammatory, derogatory, or insulting fashion.

32.

Defendants categorically deny the allegations in paragraph 32. of Estate's complaint.

33.

Defendants admit the allegation in paragraph 33. of Estate's complaint.

34.

Defendants admit the allegation in paragraph 34. of Estate's complaint.

35.

Defendants admit the allegation in paragraph 35. of Estate's complaint.

36.

Defendants admit the allegations in paragraph 36. of Estate's complaint to the extent that Defendant Gates contacted Moore and that Defendants have tried to amicably resolve this matter numerous times without success do to failure to mitigate by the Estate administrators. The remaining allegation are denied to the extent that they suggest an intent for "independent" exploitation by Defendants to the exclusion of the Estate and MO3's family. The Estate has failed to acknowledge Defendant Bollin as a true copyright co-holder.

37.

The allegations in paragraph 37. of Estate's complaint are admitted to the extent that there was a meeting between these two individuals. The remaining allegations are denied.

38.

Defendants deny the allegation in paragraph 38. of Estate's complaint.

39.

Defendants deny the allegation in paragraph 39. of Estate's complaint.

40.

Defendants categorically deny the allegation in paragraph 40. of Estate's complaint.

41.

The allegation in paragraph 41. of Estate's complaint are clearly not statements of fact and therefore do not require a response from Defendants, but only to say that such hostile rhetoric is the same prohibited unnecessary venom that is complained about in Paragraph 31 above by Defendants and serves as grounds for sanction by this Court against Plaintiffs for continually engaging in such unnecessary and unprofessional behavior which is detrimental to the practice of law.

42.

The allegation in paragraph 42. of Estate's complaint are statements of law which do not require a response of Defendants.

43.

Defendants deny the allegations in paragraph 43. of Estate's complaint.

44.

Defendants deny the allegations in paragraph 44. of Estate's complaint. Defendant Bollin is a copyright holder and rightful owner of the subject songs.

45.

Defendants deny the portion of the allegations in paragraph 45. of Estate's complaint that are not statements of law. The remaining portions require no response from Defendants.

WITH REGARD TO PLAINTIFF'S COUNT I

46.

Defendants repeat and re-alleges each and every answer to paragraphs numbered 1-45 of the Complaint as if set forth herein after at length.

47.

Defendants deny allegations set forth in paragraph number 47. of the Complaint, and avers that Defendant Bollin maintains a valid Copyright.

48.

Defendants deny allegations set forth in paragraph number 48. of the Complaint, and avers that Defendant Bollin maintains a valid Copyright.

49.

Defendants deny allegations set forth in paragraph number 49. of the Complaint, and avers that Defendant Bollin maintains a valid Copyright.

50.

The allegations set forth in paragraph number 50. of the Complaint do not require a response from Defendants.

51.

Defendants admit the allegations in paragraph 51. of Estate's complaint.

52.

The allegations set forth in paragraph number 52. of the Complaint are statements of law which do not require a response from Defendants. However, out of an abundance of caution to the extent that a response is required, they are denied.

53.

The allegations in paragraph 53. of Estate's complaint are statements of law which do not require a response from Defendants. However, out of an abundance of caution to the extent that a response is required.

WITH REGARD TO PLAINTIFF'S COUNT II

54.

Defendants repeat and re-alleges each and every answer to paragraphs numbered 1-53 of the Complaint as if set forth herein after at length.

55.

Defendants deny the allegations set forth in paragraph number 55. of the Complaint.

56.

Defendants deny the allegations set forth in paragraph number 56. of the Complaint.

57.

Defendants categorically deny the allegations set forth in paragraph number 57. of the Complaint.

58.

Defendants deny the allegations set forth in paragraph number 58. of the Complaint.

WITH REGARD TO PLAINTIFF'S COUNT III

59.

Defendants repeat and re-alleges each and every answer to paragraphs numbered 1-58 of the Complaint as if set forth herein after at length.

60.

Defendants deny the allegations set forth in paragraph number 60. of the Complaint.

61.

Defendants deny the allegations set forth in paragraph number 61. of the Complaint.

62.

Defendants deny the allegations set forth in paragraph number 62. of the Complaint.

WITH REGARD TO PLAINTIFF'S COUNT IV

63.

Defendants repeat and re-alleges each and every answer to paragraphs numbered 1-62 of the Complaint as if set forth herein after at length.

64.

The allegations set forth in paragraph number 64. of the Complaint which are statements of law do not require a response from Defendants. The remaining allegations are denied.

65.

The allegations set forth in paragraph number 65. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied as written.

66.

The allegations set forth in paragraph number 66. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

67.

The allegations set forth in paragraph number 67. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

68.

The allegations set forth in paragraph number 68. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

69.

The allegations set forth in paragraph number 69. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

70.

The allegations set forth in paragraph number 70. of the Complaint, and avers that Defendant Bollin has a valid copyright interest.

## WITH REGARD TO PLAINTIFF'S COUNT V

71.

Defendants repeat and re-alleges each and every answer to paragraphs numbered 1-70 of the Complaint as if set forth herein after at length.

72.

The allegations set forth in paragraph number 72. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

73.

Defendants deny allegations set forth in paragraph number 73. of the Complaint.

74.

Defendants deny allegations set forth in paragraph number 74. of the Complaint.

75.

The allegations set forth in paragraph number 75. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

76.

The allegations set forth in paragraph number 76. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

## WITH REGARD TO PLAINTIFF'S COUNT VI

77.

Defendants repeat and re-allege each and every answer to paragraphs numbered 1-76 of the Complaint as if set forth herein after at length.

78.

Defendant denies having information sufficient to form a belief as to the allegations set forth in paragraph number 78. of the Complaint.

79.

Defendant denies having information sufficient to form a belief as to the allegations set forth in paragraph number 79. of the Complaint.

80.

The allegations set forth in paragraph number 80. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

81.

The allegations set forth in paragraph number 81. of the Complaint which are statements of law require no

response from Defendants. The remaining allegations are denied.

## WITH REGARD TO PLAINTIFF'S COUNT VII

82.

Defendants repeat and re-allege each and every answer to paragraphs numbered 1-81 of the Complaint as if set forth herein after at length.

83.

Defendants deny having information sufficient to form a belief as to the allegations set forth in paragraph number 83. of the Complaint.

84.

Defendants deny allegations set forth in paragraph number 84. of the Complaint as written.

85.

Defendant denies allegations set forth in paragraph number 85. of the Complaint, and avers that Defendant Bollin has a valid copyright interest.

86.

The allegations set forth in paragraph number 86. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

87.

The allegations set forth in paragraph number 87. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

## WITH REGARD TO PLAINTIFF'S COUNT VIII

88.

Defendants repeat and re-allege each and every answer to paragraphs numbered 1-87 of the Complaint as if set forth herein after at length.

89.

The allegations set forth in paragraph number 89. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

90.

Defendants deny allegations set forth in paragraph number 90. of the Complaint.

## WITH REGARD TO PLAINTIFF'S COUNT IX

91.

Defendants repeat and re-allege each and every answer to paragraphs numbered 1-90 of the Complaint as if set forth herein after at length.

92.

The allegations set forth in paragraph number 92. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

93.

The allegations set forth in paragraph number 93. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

WITH REGARD TO PLAINTIFF'S COUNT X

94.

Defendants repeat and re-allege each and every answer to paragraphs numbered 1-93 of the Complaint as if set forth herein after at length.

95.

The allegations set forth in paragraph number 95. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

96.

The allegations set forth in paragraph number 96. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

WITH REGARD TO PLAINTIFF'S COUNT XI

97.

Defendants repeat and re-allege each and every answer to paragraphs numbered 1-96 of the Complaint as if set forth herein after at length.

98.

The allegations set forth in paragraph number 98. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

99.

The allegations set forth in paragraph number 99. of the Complaint which are statements of law require no response from Defendants. The remaining allegations are denied.

100.

The allegations set forth in paragraph number 100. of the Complaint do not require a response from Defendants. However, out of an abundance of caution, to the extent a response is required the allegations are denied.

101.

The allegations set forth in paragraph number 101. of the Complaint are not statements of fact and therefore do not require a response from Defendants.

102.

The allegations set forth in paragraph number 102. of the Complaint are not statements of fact and therefore do not require a response from Defendants. However, to the extent that a response is required the allegations are categorically denied.

## AS AND FOR A FIRST COUNTERCLAIM

103.

Defendants incorporate the responses and allegations set for in paragraphs "1" through "102" and all other filings in this Court made on behalf of Defendants above by reference.

104.

That upon information and belief, Plaintiff has sued Defendants herein without legal cause or justification.

105.

Plaintiff's actions against Defendants is a frivolous claim. That upon information and belief, it was commenced without any reasonable basis in law or fact and, as such, are subject to the sanction of having to pay Defendants' attorney's fees and costs under the Copyright Act 17 USC §505.

106.

Defendants have incurred attorney's fees for the defense of the within action.

107.

Upon information and belief, Defendants are entitled to its legal fees in amount to be determined by the Court, of no less than $50,000.00, as a result of this frivolous action.

108.

Defendants reserves the right to amend and supplement its defenses and answer to assert additional defenses should they discover them.

## AS AND FOR A SECOND COUNTERCLAIM BREACH OF CONTRACTS

109.

Defendants incorporate the responses and allegations set for in paragraphs "1" through "108" above by reference.

110.

Plaintiff and Estate have breached the Agreement by not accounting nor paying Defendant Bollin for royalties, music publishing royalties, other music publishing income, and other gross compensation.

111.

Absent a full accounting by Estate, Defendants are not presently aware of the exact amounts of damages resulting from Plaintiff's breaches, however, the sums of money are substantial and may exceed $100,000.00.

112.

Defendant Bollin has performed all of his obligations under the Agreement.

113.

As a proximate cause of Plaintiff's breaches, Defendant Bollin has been damaged in an amount to be determined at trial but that is believed to be in excess of $100,000.00.

## AS AND FOR A THIRD COUNTERCLAIM UNJUST ENRICHMENT

114.

Defendant incorporates the responses and allegations set for in paragraphs "1" through "113" above by reference.

115.

By diverting and unduly retaining to themselves royalties and other compensation for Defendant Bollin's songs, Plaintiffs were unjustly enriched to the detriment of Defendant Bollin.

116.

Equity and good conscience require that Plaintiffs be required to return to Defendant Bollin the sums they gained through their misconduct.

## AS AND FOR A FOURTH COUNTERCLAIM CONVERSION

117.

Defendants incorporate the responses and allegations set for in paragraphs "1" through "116" above by reference.

118.

Under the Agreements, Plaintiff owes a duty to Defendant Bollin to account to and pay him for his publishing, record royalties, and mechanical royalties for Sound Recordings produced and the Musical Works written or co-written by Defendant Bollin. Defendant Bollin owns these sums of money because these sums of money are contractually Defendant Bollin's property. Plaintiffs are wrongfully and intentionally depriving Defendant Bollin of his property.

119.

Upon information and belief Plaintiffs have diverted away from Defendant and given to themselves, Defendant Bollin's property right to royalties and other compensation that are the subject of this lawsuit.

120.

Every time that Plaintiffs receive and continue to receive royalties from publishing companies, and other income sources and Plaintiff did not contact Defendant and account and pay over to Defendant his royalties, Plaintiff committed repeated acts of conversion, the equivalent of theft.

121.

Plaintiffs "serial" acts of conversion are oppressive, fraudulent, committed with malice and in conscious disregard of Defendant Bollin's rights, causing him to suffer consequential damages in excess of $100,000.00.

122.

Defendant Bollin is also entitled to punitive damages.

## AS AND FOR A FIFTH COUNTERCLAIM ACCOUNTING

123.

Defendants incorporates the responses and allegations set forth in paragraphs "1" through "122" above by reference.

124.

Plaintiffs have a duty to account for the money owed to Defendants as per the Agreements and to pay Defendant Bollin according to the terms of their agreement.

125.

Defendants have not received an accounting or payment of record royalties or mechanical royalties from Plaintiff with regard to the Sound Recordings since in or around 2012, despite their continuing commercial success.

126.

Defendant has not received an accounting or payment of music publishing royalties or other music publishing income from Plaintiff with regard to the Musical Works since in or around 2012, despite their continuing commercial success.

127.

A fiduciary or other trust relationship exists between Defendant Bollin on the one hand and Plaintiffs on the other hand for which an accounting of Plaintiffs' books and records are appropriate to the extent necessary to trace the royalties and other compensation due and owed to Defendant as described about.

128.

Plaintiffs have breached their fiduciary duty to Defendant Bollin by failing to provide an accounting or payments to Defendant Bollin.

129.

Without an accounting, Defendant Bollin cannot determine the exact amount owed by Plaintiffs to him.

130.

As a result of the foregoing, there are present and future transactions arising from the commercial exploitation of Defendant Bollin's Sound Recording his Musical Works, which will produce royalty income to Defendant Bollin, and the right to an accounting from Plaintiffs should therefore be ordered by this Court to prevent further injury to Defendant.

131.

In the absence of a Court ordering an accounting from Plaintiffs, Defendant Bollin will continue to suffer consequential damages in excess of the $100,000.00.

## AS AND FOR A FIFTH COUNTERCLAIM TEXAS DTPA

131.

Defendants incorporates the responses and allegations set forth in paragraphs "1" through "131" above by reference.

132.

The Estate has a duty to not engage in false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty.

133.

The Estate has a duty to not represent that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

134.

The Estate has a duty to not cause confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

135.

The Estate has a duty to not pass off goods or services as those of another.

136.

Under the DTPA Defendants are entitled to recovery of economic damages. If the court finds the wrongful conduct was "knowingly" committed, it may award up to three times the amount of economic damages, in addition to damages for mental anguish. If the act was committed "intentionally," up to three times the mental anguish damages may be awarded. The question of whether a violation was "knowing" or "intentionally" is determined by the court or jury, after considering all the facts and circumstances relating to the transaction. Defendants are

entitled to court costs and reasonable and necessary attorney fees.

## PRAYER FOR RELIEF

WHEREFORE; Defendants respectfully request the Court:

(a) Dismiss the Complaint against Defendants;

(b) Enter judgement against the Plaintiff in favor of Defendant Bollin & Defendant Gates in an amount to be determined at trial, but of no less than $150,000.00, together with interest, the costs and legal fees incurred in this proceeding;

(c) Award Defendants punitive damages in an amount to be determined at trial against Plaintiff;

(d) Grant such other relief as it may deem appropriate;

(e) Award attorney's fees in accordance with U.S. Copyright Act 17 USC §505.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

Date:  December 7, 2023

Respectfully submitted,

ATTORNEY JERALD A DAVIS, PLLC

By: /s/ Jerald A. Davis
Jerald A. Davis
DC Bar No. 1780513
AttorneyJeraldDavis@gmail.com
Jeraldd@Yahoo.com
1910 Pacific Ave, Suite 17080
Dallas, Texas 75201
Telephone: (214)-929-1911

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2023, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

Respectfully submitted,

ATTORNEY JERALD A DAVIS, PLLC

By: /s/ Jerald A. Davis
Jerald A. Davis
DC Bar No. 1780513
AttorneyJeraldDavis@gmail.com
Jeraldd@Yahoo.com
1910 Pacific Ave, Suite 17080
Dallas, Texas 75201
Telephone: (214)-929-1911