UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ESTATE OF MELVIN NOBLE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00716 |
| | § | |
| RAY GENE BOLLIN, JR. d/b/a ABSOLUT | § | |
| PRODUCTION RECORDING STUDIOS, | § | |
| and PURLIE GATES a/k/a "P.G.", | § | Jury Trial Demanded |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION

Defendants, Ray Bollin, Jr and Purlie Gates., files this Emergency Application for Ex Parte Temporary Restraining Order against Plaintiff, The Estate, and all persons under their direction, control, permission or authority from violating the Defendant Bollin's copyright and property rights. To support the application, the Defendants respectfully shows the Court as follows:

### INTRODUCTION

Plaintiff, The Estate of Melvin Noble, Jr., has copied and disseminates copyrighted works, including the lyrics to innumerable musical compositions owned and controlled by Defendant Bollin. By copying and distributing those lyrics without permission, the Estate violates Defendant Bollin's copyrights, unlawfully enriches itself at the expense for ignoring longstanding copyright law—and when it does so, there are real victims who suffer real consequences.

The legal and factual issues before this Court are straightforward. Defendant Bollin own or controls copyrights in the sound recordings. The Estate never seeks Defendant Bollin's authorization or a license. This is copyright infringement. The Estate must not be allowed to flout copyright law. If the Court waits until this litigation ends to address what is already clear—that the Estate is improperly using Defendant Bollin's copyrighted works—then the damage will be done. The Estate has already usurped Defendant Bollin's control over the use of his works, denied them credit, and jeopardized their reputations. If unchecked, the Estate's wanton copying will also irreversibly harm the licensing market for lyrics, Bollin's relationships with licensees, and their goodwill with the songwriters they represent.

Defendant Bollin seeks limited preliminary relief to address those harms and stem the Estate's infringement while this case proceeds. As detailed below, the Estate should be ordered (1) to halt the release of MO3 album "Legend" on May 31st and (2) prohibited from using unauthorized copies of the Sound recordings or its derivatives.

## BACKGROUND

1. Defendant Ray Bollin, is an owner of Absolut Production Recording Studios. For several years Melvin Noble, Jr recorded and executive produced under Defendant Bollin's direction.

2. After recording, mixing and mastering, the Sound Recordings arranged under Bollin's control were stored on Bollin's computer and forwarded to M03 and Manager Brandon Rainwater email addresses.

3. Recently, Manager Brandon Rainwater realized when searching his emails that he had copies of all music recorded with Defendant Bollin at Absolut Production Recording Studios (*See Video* titled *Brandon Rainwater in MO3 email for files* on USB Drive).

4. On or about May 22, 2024, Defendant Bollin received a tip that the Estate and Empire Records are using derivatives works from Bollin's copyrighted Sound Recordings.

5. On or about May 27, 2024, the Estate and Brandon Rainwater hosted a MO3 listening party at GVO Lounge at 3940 Rosemeade Parkway #170, Dallas, Texas 75287, where Sound Recordings from Defendant Bollin were sampled without his permission (*See video* titled *MO3 Album release party May 2024* on USB Drive).

**ARGUMENT**

17 U.S.C. §502(a) authorizes "[a]ny court having jurisdiction of a civil action arising under this title … subject to the provisions of [28 U.S.C. §1498]" to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Section 502(a) authorizes such injunctions, and Federal Rule of Civil Procedure 65 governs the process for obtaining one. *See Fla. Med. Ass'n, Inc. v. U.S. Dep't of Health, Ed. & Welfare*, 601 F. 2d 199, 202 (5th Cir. 1979).

Rule 65 permits the issuance of a temporary restraining order to preserve the status quo and prevent irreparable injury to the moving party. *Schelske v. Austin*, No. 6:22-CV-49-H, 2022 WL 17835506, at *11,---F. Supp. 3d ---(N.D. Tex. Dec. 21, 2022). A temporary restraining order should be issued if four elements are present: (1) the movant has a substantial likelihood of success on the merits of its claim; (2) the movant will face a substantial threat of irreparable injury if the TRO is not granted; (3) the threatened injury to the movant outweighs and damage the TRO will cause the non-movant; and (4) the TRO will not have an adverse effect on the public interest. *Id*; *Dearmore v. City of Garland*, 400 F. Supp. 2d 894, 898 (N.D. Tex. 2005). With respect to copyrighted works, a court "may order the impounding, on such terms as it may deem reasonable … of all copies or phonorecords claimed to have been made or used in violation

of the exclusive right of the copyright owner [] … [and] of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced[,]" among other things. 17 U.S.C. §503(a) (1)(A)-(B). In this case, all four elements required under Rule 65 are met, and preventing the Estate from releasing copyrighted Sound Recordings is merited.

    **A. Defendants are likely to succeed on their direct copyright infringement claim.**

Defendant Bollin brings claims for copyright infringement against the Estate in the instant lawsuit. Defendant Bollin is substantially likely to establish that the Court has jurisdiction over this matter and the Estate and that this is the proper venue. The Court has subject matter jurisdiction because this case presents a federal question and state claims that arise from a common nucleus of operative fact –namely, the Estate's improper possession and claim to ownership of the Sound Recordings.

"The elements of copyright infringement claim are (1) ownership of the copyright by the Defendant and (2) copying by the Plaintiff." *Zomba Enters., Inc. v. Panorama Records, Inc.,* 491 F. 3d 574, 581 (6th Cir. 2007). Importantly, "Defendants need not prove their case in full at the [preliminary injunction] stage." *Sony/ATV Publ'g, LLC v. Marcos*, 651 F. App'x 482, 485 (6th Cir. 2016).

Defendant Bollin and MO3 are joint-owners or exclusive licensees of copyrights in the Sound Recordings, "including any accompanying words," see 17 U.S.C. §102(a)(2), and each Sound Recording was timely registered with the U.S. Copyright Office. Defendant Bollin's copyright registrations are prima facie evidence of both copyright ownership and validity. *Lexmark Int'l v. Static Control Components, Inc.,* 387 F. 3d 522, 533-34 (6th Cir. 2004) 17 U.S.C. § 410(c). At this stage, Defendant Bollin sworn declaration as to their ownership and

identification of copyright registration numbers are enough to show likelihood of success on this issue. See, e.g., Marcos, 651 F. App'x at 485.

There can be no dispute that the Estate has copied the Sound Recordings without Authorization. [C]opying is "shorthand for any infringement on one of the copyright owner's exclusive rights." *Brittney Gobble Photography LLC v. Wenn Ltd.*, 2017 WL 10188859, at *4 (E.D. Tenn. Sept. 5, 2017) (citation omitted). Only a copyright owner may reproduce, distribute, publicly display, or prepare derivative works based on its copyrighted work, or authorize others to do so. 17 U.S.C. §§ 106(1)-(3), (5). Violation of any one of those rights establishes infringement and warrants a preliminary injunction. *See King Recs., Inc. v. Bennett*, 438 F.Supp.2d 812, 850 (M.D. Tenn. 2006). The Estate cannot in good faith deny that it copied the Sound Recordings.

By providing unlicensed copies of the Works to its users, the Estate violates Defendant Bollin's reproduction, distribution, and display rights. Defendants "may establish an inference of copying by showing (1) access to the allegedly-infringed work by the Plaintiff[] and (2) a substantial similarity between the [] works at issue." *R.C. Olmstead v. CU Interface, LLC*, 606 F.3d 262, 274 (6th Cir. 2010). By showing "striking similarity" between the copyrighted work and the defendant's use, a plaintiff "carries the burdens of proof that the infringing work is sufficient[ly] similar . . . and that the plaintiff must have had access." *Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 317 (6th Cir. 2004).

Defendant Bollin is also substantially likely to succeed in showing the Estate is infringing copyrights belonging to Bollin. By the Estate's actions alleged above, the Estate (acting individually and/or by and through his agents and/or representatives) infringed the Defendant

Bollin's federally registered copyrights. Specially, the Estate has infringed Defendant Bollin's copyrights in the works registered at Registration Numbers SRu001469560 ("All Right" and 9 other unpublished works) and SRu001469535 ("I'm The Man" and 9 other unpublished works). The Estate has copied and distributed one or more Unreleased Recordings featuring the Vocal Tracks and Musical Compositions for purposes of soliciting the sale thereof to the public. The Estate's actions constituted willful infringement of Defendant's copyrights inasmuch as he knew, or had reason to know, that their actions constituted copyright infringement because they know that they have no complete authorship or ownership rights in the Vocal Tracks and Musical Compositions, and copied and distributed them anyway, for personal gain. Based on the foregoing, the Defendant Bollin is substantially likely to succeed in demonstrating the Estate infringed Bollin's copyrights.

In addition to the foregoing, presumptively, and at a minimum, Defendant Bollin owns a copyright interest in the Musical Compositions registered jointly as a coauthor. Defendant Bollin contribute in any way to the creation of the Musical Compositions and has copyright interests therein as a coauthor.

**B. Defendant Bollin will face a substantial threat of irreparable injury if a temporary restraining order is not granted.**

"When a movant seeks an injunction under the Copyright Act, the Movant establishes a rebuttable presumption of irreparable harm when the Movant shows that a valid copyright has been infringed." *Hydraflow Indus. NZ Ltd. v. Individuals*, No. 1:22-CV-962-LY, 2022 WL 16625792, at *2 (W.D. Tex. Nov. 1, 2022) (citing Dallas Cowboys Cheerleaders, Inc. v. Scoreboard Posters, Inc., 600 F.2d 1184, 1187 (5th Cir. 1979)). A rebuttable presumption of irreparable harm arises in this case, where the Defendant has shown through affidavit testimony that the Estate is improperly in possession of copyrighted material belonging to Defendant

Bollin. Defendant Bollin is harmed if the Estate releases the album with Defendant Bollin's material. Defendant Bollin cannot monetize the material is released without his permission or a licensing agreement.

### C. Defendant Bollin's threatened injury outweighs any injury to the Estate.

This application poses no injury to Plaintiff. In filing this Application, the Defendants simply requests that the Court order Plaintiff and any person or entity acting in concert with them be restrained from selling, copying, and/or any composition including Vocal Tracks from Sound Recordings, attempting to do any of these things, or asking anyone else to do any of these things. The Defendants' requested TRO, if granted, will simply preserve the status quo ante the instant dispute.

### D. The requested temporary restraining order will not adversely affect the public interest.

Public policy weighs in favor of granting the Defendants' requested relief. For one, "the Copyright Act permits the entry of an injunction to restrain violations of [the] act[], 17 U.S.C. § 502, and authorizes an order impounding infringing goods and articles." *PAAKline, LLC v. Individuals, Partnerships & Unincorporated Associations identified on Schedule "A"*, No. 1:22-CV-1082-LY, 2022 WL 19075333, at *2 (W.D. Tex. Dec. 29, 2022). Additionally, as the Defendants will show, Bollin has a valid copyright in the Vocal Tracks, and public policy weighs in favor of protecting the rightful owner's copyright and property rights.

### E. Ex Parte Relief.

The Defendants request the *ex parte* issuance of a temporary restraining order. Federal Rule of Civil Procedure 65 provides that a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney if: (1) specific facts in an affidavit clearly show "that immediate and irreparable injury, loss, or damage will result to the movant

before the adverse party can be heard in opposition," and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1). Alternatively, ex parte relief is merited if the movant can show "notice to the adverse party is impossible, or … where the adverse party is unknown or is unable to be found []" or (2) "notice to the defendant would render fruitless further prosecution of the action." First Command Bank v. Exner, No. 4:21-CV-621, 2021 WL 4047400, at *1 (N.D. Tex. May 10, 2021).

## CONCLUSION AND PRAYER

**WHEREFORE,** the Defendants pray that the Court: (a) order that the MO3 Album "Legend" is not released or remove infringing works; (b) order that the Estate be restrained from selling, or copying the Sound Recordings or asking anyone else to do any of these things; (c) grant the Defendants such other and further relief to which the Defendants may be justly entitled.

Respectfully submitted,

**ATTORNEY JERALD DAVIS, PLLC**

**JERALD A. DAVIS, ESQ.**

By*:*   */s/ Jerald A. Davis*
          Jerald A. Davis

          Attorneyjeralddavis@gmail.com
          (214)-929-1911
1910 Pacific Avenue, Suite 17080
Dallas, TX 75201
**ATTORNEY FOR DEFENDANTS**

/s/ Eugene Radcliff
Eugene Radcliff
Eugene.Radcliff@gmail.com
(214)-929-1911

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing request were served upon the persons listed below in the manner indicated on the date indicated.

    Brent A. Turman
    bturman@bellnunnally.com
    Troy L. Hales
    thales@bellnunnally.com
    2323 Ross Avenue, Suite 1900
    Dallas, Texas 75201
    (214) 740-1400
    Attorney for Plaintiff

Date this the 29th day of May 2024

                                          /s/ Jerald A. Davis
                                          Jerald Davis, Attorney for Defendants
                                          /s/ Eugene Radcliff
                                          Eugene Radcliff, Attorney for Defendants

**VERIFICATION**

This declaration is made pursuant to 28 U.S.C. §1746. My name is Jerald A. Davis. I am employed as the Attorney for the Defendants. Except where declarations of other individuals are cited in the briefing above, I have personal knowledge of the facts stated in the Background section of the Defendants' Emergency Application for Temporary Restraining Order and state under penalty of perjury under the laws of the United States that the facts states therein are true and correct.

Executed on the 29 day of May, 2024.

/s/ *Jerald A. Davis*

_____
Jerald A. Davis