# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ESTATE OF MELVIN NOBLE, JR., § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> RAY GENE BOLLIN, JR. d/b/a § <br> ABSOLUT PRODUCTION RECORDING § <br> STUDIOS, and PURLIE GATES a/k/a § <br> "P.G.", § <br> § <br> *Defendants.* § | Civil Action No. 4:23-cv-716 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Rule 12(b)(6) Motion to Dismiss (Dkt. #126). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED.**

### BACKGROUND

On August 10, 2023, the Estate of Melvin Noble, Jr. ("Plaintiff") filed its Original Complaint against Ray Gene Bollin, Jr. (Dkt. #1). In its Complaint, Plaintiff seeks a declaratory judgment and ancillary relief under the copyright laws of the United States (Dkt. #1 at ¶ 3). Plaintiff also brings federal claims for copyright infringement, violation of the Digital Millennium Copyright Act, and pendent state law claims for breach of contract, conversion, and unauthorized use of name, likeness, and voice under Texas Property Code § 26.013 (Dkt. #1 at ¶ 4). On October 12, 2023—before Bollin answered Plaintiff's Complaint—Plaintiff filed an Amended Complaint, adding claims for temporary and permanent injunctive relief, as well as a second defendant, Purlie Gates a/k/a P.G. (Dkt. #7). The Court will refer to Bollin and P.G., collectively, as Defendants.

On November 7, 2023,[1] Bollin filed his Original Counter[claim] against Plaintiff (Dkt. #27). Plaintiff moved to dismiss Bollin's Counterclaim and, alternatively, requested a more definite statement under Rule 12(e) (Dkt. #32). On December 11, 2023, Defendants filed a Joint Answer and Counterclaims (Dkt. #36). Defendants raise nineteen defenses in their answer along with five counterclaims (Dkt. #36). In response to Defendants' Joint Answer and Counterclaims, Plaintiff filed a second Motion to Dismiss (Dkt. #38). On September 5, 2024, the Court denied Plaintiff's first Motion to Dismiss (Dkt. #32) but granted Plaintiff's Motion for a More Definite Statement (Dkt. #108). Then, the Court ordered Defendants to amend their counterclaims by September 19, 2024 (Dkt. #109). In doing so, the Court denied Plaintiff's second Motion to Dismiss (Dkt. #38) as moot in light of its order permitting Defendants to amend their counterclaims (Dkt. #109). Defendants timely filed their Amended Answer and Counterclaims on September 19, 2024, asserting counterclaims for tortious interference of business relations, breach of contract, unjust enrichment, conversion, accounting under copyright laws, and copyright infringement (Dkt. #123).

On October 3, 2024, Plaintiff filed its Rule 12(b)(6) Motion to Dismiss Defendants' Counterclaims (Dkt. #126). Plaintiff asks that the Court dismiss with prejudice the counterclaims asserted against Plaintiff because Defendants "do not sufficiently plead any . . . cause[] of action under Federal Rule of Civil Procedure 8" (Dkt. #126 at p. 2). On October 17, 2024, Defendants filed a Response (Dkt. #129). On October 24, 2024, Plaintiff filed a Reply (Dkt. #131).

---

[1] The Clerk's Office stamp on Bollin's Original Counter[claim] suggests that it was filed on November 7, 2023 (Dkt. #27). The Court's docket, however, suggests that it was filed on November 8, 2023 (Dkt. #27). Plaintiff and Bollin both contend that Bollin filed his counterclaim on November 8, 2023 (Dkt. #126 at p. 1; Dkt. #129 at p. 1). For purposes of this Motion, however, the specific date is irrelevant.

## LEGAL STANDARD

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993).

The Federal Rules of Civil Procedure require a pleading that asserts a claim for relief to include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a) does not proscribe a different set of pleading requirements for a counterclaim than those that apply to a complaint. *See id.* Instead, Rule 8(a) treats all "pleadings[s] that state[] a claim for relief" the same for purposes of determining the sufficiency of a pleading. *Id.* Thus, while most of the case law interpreting pleading sufficiency naturally focus on the complaint, the same rules apply to counterclaims. *See id.* Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the pleading fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the movant's pleading and view those facts in the light most favorable to the movant. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the [pleading], any documents attached to the [pleading], and any documents attached to the motion to dismiss that are central to the claim and referenced by the [pleading]." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the pleading states a claim for relief that is plausible on its face. "A claim has facial plausibility when the

3

[movant] pleads factual content that allows the [C]ourt to draw the reasonable inference that the [nonmovant] is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the [pleading] has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a pleading in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the pleading] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the relevant pleadings and the arguments contained in the briefing, the Court finds that Defendants have stated plausible counterclaims for relief for the purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Dismiss (Dkt. #126) is hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** this 3rd day of December, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE