# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ESTATE OF MELVIN NOBLE, JR., § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § Civil Action No. 4:23-cv-716 <br> RAY GENE BOLLIN, JR. d/b/a § Judge Mazzant <br> ABSOLUT PRODUCTION RECORDING § <br> STUDIOS, and PURLIE GATES a/k/a § <br> "P.G.," § <br> § <br> *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Sanctions for Plaintiff's Failure to Comply with [the] Court's Discovery Order (Dkt. #172), Defendants' Motion for Leave to Amend Motion for Sanctions (Dkt. #193), and Defendants' Amended Motion for Sanctions (Dkt. #194). Having considered the Motions, the relevant pleadings, and the applicable law, the Court finds as follows:

1. Defendants' Motion for Sanctions for Plaintiff's Failure to Comply with [the] Court's Discovery Order (Dkt. #172) should be **DENIED as moot**;
2. Defendants' Motion for Leave to Amend Motion for Sanctions (Dkt. #193) should be **GRANTED**; and
3. Defendants' Amended Motion for Sanctions (Dkt. #194) should be **DENIED**.

## BACKGROUND

The facts and procedural history underlying this dispute are laid out in full in the Court's March 21, 2025, Order on the parties' cross-motions for summary judgment, which the Court incorporates here by reference (Dkt. #207). The instant discovery dispute, however, reflects yet another installment in an eighteen-month long foray, highlighted by five hearings, more than two

hundred docket entries, and countless attorney hours. The latest chapter in this contentious saga involves Defendants' request that the Court sanction the Estate for its alleged failure to comply with its discovery obligations (Dkt. #172; Dkt. #194).

On December 19, 2024, the Court held a status conference to address a slew of pending discovery-related motions (Dkt. #160; Dkt. #167). During the hearing, the Court granted two of Defendants' then-pending Motions to Compel (Dkt. #94; Dkt. #105) and ordered the Estate to supplement its responses to Defendants' Interrogatories and Requests for Production of Documents and Things and Requests for Admissions no later than January 10, 2025 (Dkt. #167 at pp. 14–18, 23). January 10th came and went, and Defendants now contend that the Estate did not adequately comply with "the Court's clear directive" to supplement its responses (Dkt. #172 at p. 1). Hence, the instant dispute.

On January 23, 2025, Defendants filed a Motion for Sanctions for Plaintiff's Failure to Comply with [the] Court's Discovery Order (Dkt. #172). The Motion attacks two actions by the Estate, which Defendants insist amount to sanctionable conduct (Dkt. #172 at p. 2). First, Defendants take issue with the Estate's production of a redacted contract (the "Wixen Agreement") that omits "all substantive financial details" (Dkt. #172 at p. 2). According to Defendants, "[t]he lack of this critical information undermines Defendants' ability to prepare a defense, assess damages, or engage in effective mediation" (Dkt. #172 at p. 2). Second, Defendants question the Estate's refusal to identify the specific works at issue and the steps that the Estate took to register or assert ownership over those works (Dkt. #172 at p. 2). Defendants submit that the Estate's discovery resistance has prevented Defendants from "verifying the extent of the exploitation of the disputed works, assessing ownership percentages for unreleased or unexploited

2

works, and thereby formulating meaningful defenses or negotiating a fair settlement" (Dkt. #172 at p. 2). Thus, Defendants urge the Court to sanction the Estate in the following ways:

1. Deem admitted all facts and matters responsive to Defendants' Requests for Admission;

2. Preclude [the Estate] from introducing any evidence or arguments that would have been responsive to Defendants' discovery requests, including evidence regarding registrations[,] copyrights, revenue figure[s], payment details, or any other contractual terms pertaining to the disputed works; and

3. Award Defendants their reasonable attorney's fees and costs incurred in bringing this motion, as [the Estate]'s noncompliance has necessitated additional filings and legal efforts, causing unnecessary delay and expense to Defendants.

(Dkt. #172 at p. 3) (cleaned up).

On February 6, 2025, the Estate responded to Defendants' Motion for Sanctions (Dkt. #177). The Estate's Response insists that the Estate has complied with the Court's December 19 orders (Dkt. #177 at pp. 4–5). The Estate makes four arguments in support of its Response (Dkt. #177). First, it maintains that it has been forthcoming with the tracks in issue on its own claims (Dkt. #177 at pp. 4–5). According to the Estate, any confusion regarding the identification of tracks in issue is due to Defendants' own failure to "provide a list of tracks Bollin believes are at issue until the afternoon of January 24, 2025, *after* filing the instant Motion for Sanctions" (Dkt. #177 at p. 5) (emphasis in original). Second, the Estate avers that it need not produce documents reflecting royalties from copyrights in the underlying musical compositions because Bollin does not claim an interest in those copyrights (Dkt. #177 at pp. 5–9). Instead, the Estate argues that it need only produce documents reflecting royalties from copyrights in the sound recordings, in which Bollin does claim an interest (Dkt. #177 at pp. 5–9). Third, the Estate defends its production of the redacted Wixen Agreement because, by the Estate's January 10 compliance date, Wixen had not yet permitted the Estate to produce an unredacted version (Dkt. #177 at pp. 9–10). So, the

3

argument goes, the Estate produced the Wixen Agreement in as complete a form as possible by the compliance date, then supplemented its response on January 23, after obtaining Wixen's approval to produce an unredacted version (Dkt. #177 at pp. 9–10). Fourth and finally, the Estate contends that Defendants have not supported their Motion with any evidence of bad faith by the Estate (Dkt. #177 at pp. 10–15).

On March 6, 2025, Defendants filed their Motion for Leave to Amend [their] Motion for Sanctions (Dkt. #193) and their Amended Motion for Sanctions (Dkt. #194). Defendants move to amend their Motion so as to supplement their prior Motion to include additional alleged discovery misconduct, including:

1. Failure to produce all revenue records from performance rights organizations (ASCAP, BMI, SESAC);
2. Failure to provide publishing revenue figures, which are essential to verifying the accuracy of total revenue generated;
3. Production of an unauthenticated, unexplained Excel file at mediation, which was not previously disclosed and differs significantly from prior production;
4. Submission of an unusable 4,000-page PDF lacking totals, descriptive labels, and proper categorizations, provided to Defendants only after learning of Defendants' intent to file a Motion for Sanctions and to Stay Mediation, obstructing a meaningful financial analysis;
5. Improper designation of the 4,000-page PDFs as "Attorney's Eyes Only" and unexplainably re-classifying the documents to "Confidential" only after Defendants formally challenged said designation; and
6. Failure to appear for a court-ordered sound recording inspection, further demonstrating bad faith in discovery.

(Dkt. #193 at p. 5). Accordingly, Defendants ask the Court to sanction the Estate by compelling it to produce a full and complete accounting of all revenue derived from the disputed sound recordings, including: (1) financial records from third-party performance rights organizations; (2) publishing revenue figures from disputed sound recordings; (3) additional financial records,

4

including bank statements of the LLC created by the Estate representative, Daniel White; (4) all relevant royalty and publishing statements and third-party payment records, necessary to ensure a full and accurate accounting of all revenue derived from the disputed sound recordings; and (5) the source/author of said financial and accounting information (Dkt. #194 at p. 6). Finally, Defendants urge the Court to prohibit the Estate from introducing any new financial documents or accounting information at trial that it has not already disclosed to Defendants, and to award Defendants attorney's fees and costs associated with this Motion (Dkt. #194 at pp. 6–7).

On March 17, 2025, the Estate responded to Defendants' Motion for Leave to Amend (Dkt. #205). The Estate opposes Defendants' Motion on the basis that "[n]o circumstances have changed that necessitate an amendment to Defendants' [M]otion for [S]anctions" (Dkt. #205 at p. 1). The Estate further challenges the merits of Defendants' underlying Motion for Sanctions, arguing that it has adequately complied with the Court's December 19 order to supplement its written discovery (Dkt. #205 at p. 2). In support, the Estate insists that it has now served amended responses to Defendants' requests for admissions, interrogatories, and requests on three separate occasions since the December 19 hearing (Dkt. #2025 at p. 2 n.1).[1] The Estate adds that it has cooperated by amending the protective order designations in response to Defendants' objections (Dkt. #205 at p. 5). Next, the Estate avers that it was present for the inspection of the files Bollin deposited with the Court (Dkt. #205 at p. 7). Finally, the Estate maintains that its production of the Excel version of three royalty spreadsheets was sufficient to comply with Defendants' request and does not amount to discovery misconduct (Dkt. #205 at pp. 8–11).

---

[1] The Court notes that the Estate has produced 4,634 pages worth of responsive documents to date—420 of which it produced on January 10, 2025, and an additional 4,088 pages which it produced by February 14, 2025 (Dkt. #205 at p. 4).

5

## LEGAL STANDARD

The Court has the power to sanction a party under both Federal Rule of Civil Procedure 37 and the Court's inherent authority. *See Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 203 (5th Cir. 2016). Rule 37(b) provides the appropriate vehicle for sanctions for a party's failure to comply with a discovery order. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). Although the Court has "broad discretion under Rule 37(b) to fashion remedies suited to the misconduct," this discretion is limited in two important ways. *Id.* at 488 (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)). First, sanctions under Rule 37(b) must be "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). In addition, before imposing litigation-ending sanctions (sometimes called "death penalty" sanctions), the Court must find that: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *See, e.g.*, *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758–59 (5th Cir. 2019) (cleaned up). Ultimately, in imposing sanctions under Rule 37, the Court must "hold the scales of justice even." *Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981) (citation omitted).

Likewise, the Court has the inherent authority to issue sanctions necessary to "control the litigation before it." *Pena v. Lone Star Nat'l Bank, N.A.*, 807 F. App'x 353, 356 (5th Cir. 2020) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49–50 (1991)). That said, the Court may exercise its inherent authority to impose sanctions only if the exercise is essential to preserve the authority

of the Court. *See, e.g.*, *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996). To this end, the Court will impose sanctions under its inherent authority only if it finds that the sanctioned party acted in bad faith. *Pena*, 807 F. App'x at 356.

In sum, the Court enjoys considerable discretion in deciding whether to impose discovery sanctions, but the Fifth Circuit has cautioned that "sanctions should not be used lightly." *E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993). And, in cases in which sanctions are appropriate, courts should generally impose the "least onerous sanction appropriate." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 79 (5th Cir. 2011).

## ANALYSIS

The Court has three related motions pending before it, each of which affects the disposition of the other. The Court will address each in turn. First is Defendants' Motion for Leave to Amend Motion for Sanctions, which the Court will grant (Dkt. #193). *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 987, 994 (5th Cir. 2006) (citing FED. R. CIV. P. 15(a)) ("Leave to amend should be freely granted when justice requires."). Doing so renders Defendants' Motion for Sanctions for Plaintiff's Failure to Comply with [the] Court's Discovery Order (Dkt. #172) moot. Thus, Defendants' Amended Motion for Sanctions (Dkt. #194) is deemed filed.

After a thorough review of Defendants' Motion, the Response, and the relevant pleadings, the Court determines that the circumstances do not warrant sanctions. *Cf. Munoz*, 924 F.3d at 758 (noting that even "lesser" discovery sanctions must be just). The Court does not impose sanctions lightly, *see E.E.O.C.*, 999 F.2d at 119, and it appears to the Court that the Estate has adequately complied with the Court's discovery orders (Dkt. #205). Certainly, Defendants have not demonstrated that the Estate has acted in bad faith. *See Pena*, 807 F. App'x at 356. The Court thus

7

concludes that the imposition of sanctions would not "hold the scales of justice even" here. *Guidry*, 640 F.2d at 533. Accordingly, Defendants' Amended Motion for Sanctions (Dkt. #194) should be denied.

## CONCLUSION

The Court therefore **ORDERS** as follows:

1. Defendants' Motion for Sanctions for Plaintiff's Failure to Comply with [the] Court's Discovery Order (Dkt. #172) is hereby **DENIED as moot**;

2. Defendants' Motion for Leave to Amend Motion for Sanctions (Dkt. #193) is hereby **GRANTED**; and

3. Defendants' Amended Motion for Sanctions (Dkt. #194) is hereby **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 21st day of March, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE